■ MARCELLO MILONE, Respondent, v FRANK LOPA, Appellant. (Action No. 1.) FRANK LOPA et al., Appellants, v MARCELLO MILONE et al., Respondents. (Action No. 2.) [602 NYS2d 903] —In two actions to determine the rights of the parties with respect to certain real property, Frank and Rosemarie Lopa appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered March 26, 1991, as granted the motion of Marcello Milone to renew and, upon renewal, vacated an order of the same court, entered February 22, 1991, granting the motion of Frank and Rosemarie Lopa to compel the Milones to convey one-half of their interest in certain real property to them, and denied the motion.

Ordered that the order entered March 26, 1991, is affirmed insofar as appealed from, without costs or disbursements.

These actions were commenced when disagreements arose amongst the parties with respect to their joint ownership of several parcels of real property located in Staten Island. In an effort to reach an accord, the parties entered into a stipulation of settlement in open court on October 20, 1988, which attempted to settle the dispute by dividing the properties between the parties, provided, among other things, that Marcello Milone would obtain the release of the Lopas from liability on the mortgage indebtedness on certain of the properties as soon as possible, but in no event later than March 20, 1989.

Apparently neither side fully complied with the stipulation dated October 20, 1988, and in January 1990 the parties entered into a further stipulation, whereby, among other things, Milone agreed to effectuate the release of Frank Lopa and/or his wife on all existing mortgages outstanding on the subject properties, "failing which said properties will be reconveyed back by Marcello Milone to Frank Lopa and Marcello Milone, *pending further transfer in accordance with the Court Ordered [i.e., Oct. 20, 1988] Stipulation".*

The Lopas subsequently moved to have the January stipulation enforced, and, by order entered February 22, 1991, the Supreme Court, upon the appearance of counsel for the Milones, and upon finding that Marcello Milone had not fully

complied with that stipulation, directed the Milones to reconvey a one-half interest in the subject properties to the Lopas. Within less than a month, and on a showing by Marcello Milone that the October and January stipulations had, in the interim, been complied with, the Supreme Court vacated its February order and denied the Lopas' motion. The Lopas appeal.

The Supreme Court properly concluded, in conformity with the above-quoted portion of the January stipulation, that upon Marcello Milone's securing the release of the Lopas on all mortgages outstanding on the subject property, ownership of the property was to reside in the Milones. Thus, under the circumstances, the court did not err in vacating the order entered February 22, 1991. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.